# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JIMMY DON RIGGS,**

        **Petitioner,**

vs.                                                                            **No. CIV 97-1001 BB/LCS**

**JOE WILLIAMS, Warden,**

        **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

        This matter is before the Court on Petitioner's (Riggs) Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. Riggs, currently in state custody, attacks the Judgment, Sentence, and Commitment imposed in the case styled *State of New Mexico v. Jimmy Don Riggs*, and numbered CR-90-50G, Fifth Judicial District Court, County of Lea, State of New Mexico. The United States Magistrate Judge, having considered the arguments of counsel, pleadings, record proper, relevant law, and being otherwise fully informed, recommended that the Petition for a Writ of Habeas Corpus be DENIED.

## PROPOSED FINDINGS

        1.     On February 2, 1990, Riggs was charged by criminal information with one count of first degree murder (Count I) and one count of armed robbery (Count II). Record Proper (R.P.) at 1. On June 14, 1990, Riggs was convicted of armed robbery but the jury deadlocked as to the charge of first degree murder. (R.P. at 105.) Riggs' second trial commenced on April 10, 1991. (R.P. at 138.) On April 11, 1991, the jury convicted Riggs of first degree murder. (R.P. at 160.) On June 18, 1991, Riggs was sentenced to life imprisonment for Count I and nine years for Count II, enhanced by a one-year firearm enhancement, to be followed by two years parole. (R.P. at 169.)

2. Riggs filed a direct appeal, arguing that his due process rights and his right to effective cross-examination were violated when the state confiscated Jimmy Clark's sneakers due to suspicious stains, but never had them tested at the crime lab, and that his conviction was not supported by substantial evidence. (Ans., Ex. C.) On September 2, 1992, the New Mexico Supreme Court affirmed his conviction. (Ans., Ex. F.)

3. On April 21, 1997, Riggs filed a state petition for a writ of habeas corpus, asserting ineffective assistance of trial counsel. (Ans., Ex. G.) The trial court considered and summarily dismissed the petition. (Ans., Ex. I.) Riggs filed a petition for a writ of certiorari with the New Mexico Supreme Court. (Ans., Ex. G.) On July 7, 1997, the New Mexico Supreme Court summarily denied the petition for a writ of certiorari. (Ans., Ex. K.)

4. Riggs filed his federal habeas corpus petition on July 28, 1997. Respondent conceded exhaustion. On December 16, 1997, this Court dismissed the Petition as barred by the one-year period of limitations established by 28 U.S.C. § 2244(d). Riggs appealed. The Tenth Circuit Court of Appeals remanded the case with instructions to consider additional factors in the timeliness analysis. *Riggs v. Crandell*, No. 98-2041, slip op. at 6 (Apr. 6, 1999). On May 13, 1999, I ordered Respondent to produce any evidence establishing that the Petition was untimely by June 15, 1999. As Respondent failed to produce any such evidence, on August 25, 1999, I issued an order requiring Respondent to produce the record proper and setting a briefing schedule on the merits. I now find that the Petition is timely under 28 U.S.C. § 2244(d) and that the case is ripe for review.

5. The following issues are presented:

    I. Whether Riggs' due process right and right to effective cross-examination were violated when the state failed to analyze suspected blood stains on Clark's sneakers?

II. Whether the evidence was sufficient to support Riggs' conviction?

III. Whether Riggs received ineffective assistance of counsel at trial?

6. Respondent contends that relief in prohibited by the amendment to 28 U.S.C. § 2254 enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The amended statute provides, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; . . .

28 U.S.C. § 2254(d)(1).

7. On April 18, 2000, the Supreme Court interpreted § 2254(d)(1) in *Williams v. Taylor*, No. 98-8384, 2000 WL 385369, at *22-*28 (U.S. April 18, 2000). In *Williams*, the Court held that:

> §2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.... Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. at *28.

8. Under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. *See Williams*, 2000 WL 385369, at *27. The writ may issue only if the state court's application of clearly

3

established federal law was unreasonable. *See id*. The issues raised by Riggs are analyzed in accordance with *Williams*.

I.      Whether Riggs' due process right and right to effective cross-examination were violated when the state failed to analyze suspected blood stains on Clark's sneakers?

9.      Riggs asserts his due process right and right to effective cross examination were violated when the state failed to analyze suspected blood stains on Clark's sneakers. Clark was Riggs' roommate and testified against him. Under *Williams*, the first step of the §2254(d) analysis looks to the clearly established federal law as determined by the Supreme Court. *Williams*, 2000 WL 385369, at *27. The Supreme Court has specified that, to the extent the Constitution imposes a duty upon the government to preserve evidence, "that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense," in other words, evidence that is constitutionally material. *See California v. Trombetta*, 467 U.S. 479, 488-89, 104 S. Ct. 2528, 2533-34, 81 L. Ed.2d 413 (1984). To be constitutionally material, evidence must: (1) "possess an exculpatory value that was apparent [to the police] before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* at 489, 104 S. Ct. at 2534.

10.     The mere possibility that lost or destroyed evidence could have exculpated a defendant is not sufficient to satisfy *Trombetta's* requirement that the exculpatory value be "apparent" to the police before destruction. *See Arizona v. Youngblood,* 488 U.S. 51, 56, 109 S. Ct. 333, 336, 102 L. Ed.2d 281 (1988). Additionally, if the exculpatory value of the evidence is indeterminate, and all that can be confirmed is that the evidence was potentially useful for the defense, then a defendant must show that the government acted in bad faith in destroying the evidence. *See Youngblood*, 488 U.S.

at 58, 109 S. Ct. at 337. Under *Youngblood*, "mere negligence on the government's part in failing to preserve such evidence is inadequate for a showing of bad faith." Id. at 912.

11. The New Mexico Supreme Court analyzed the sufficiency of the evidence issue under the three-part test set out in *State v. Chouinard*, 96 N.M. 658, 634 P.2d 680 (1981). *See State v. Riggs*, 114 N.M. 358, 360-61, 838 P.2d 975, 977-78 (1992). The *Chouinard* test requires a showing that the State either breached some duty, or intentionally deprived the defendant of evidence, that the evidence was material, and that the deprivation prejudiced the defendant. *See Riggs*, 114 N.M. at 361, 838 P.2d at 978. The *Chouinard* test is similar to the requirements of *Trombetta/Youngblood.* While *Chouinard* does not require a showing of bad faith on the part of the government, it does require that the defendant show prejudice. *See Riggs*, 114 N.M. at 361, 838 P.2d at 978. Because the *Chouinard* test is so similar to the *Trombetta/Youngblood* test, the New Mexico Supreme Court did not arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law. Moreover, as the facts of Riggs' case were materially different than the facts of *Trombetta* and *Youngblood,* the New Mexico Supreme Court did not decide his case differently than the United States Supreme Court on a set of materially indistinguishable facts. Therefore, Riggs is not entitled to relief on this issue under the "contrary to" clause of §2254(d).

12. The next question is whether the New Mexico Supreme Court unreasonably applied the *Trombetta/Youngblood* principals to the facts of the Riggs' case. The New Mexico Supreme Court assumed for the sake of argument that the State either intentionally or negligently deprived Riggs of the opportunity to analyze the stains. *See Riggs*, 114 N.M. at 361, 838 P.2d at 978. However, the court found that neither the materiality nor the prejudice elements were satisfied. *Id.* Specifically, the supreme court found that the shoes were not material because the record did not

contain any evidence that Clark was wearing the shoes on the night of the murder and because Clark admitted he helped dispose of the body. *Id.* The supreme court determined that Riggs was not prejudiced because his attorney elicited testimony from the State's investigators that the stains were suspected to be blood, that no tests were performed on the shoes, and that there was no explanation for their failure to test the stains. *Id.* Based on this testimony, defense counsel argued that the jury should infer that Clark was involved in the murder. *Id.* Thus, the supreme court reasoned, even if the stains tested positive for the presence of Whiteley's blood, the outcome of the case would not have been altered.

13. Under the "unreasonable application" clause of §2254 (d)(1), a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *See Williams*, 2000 WL 385369, at *27. A review of the record proper, as well as the supreme court's opinion, confirms that the New Mexico Supreme Court did not unreasonably apply the *Trombetta/Youngblood* principles to the facts of the Riggs' case. Thus, Riggs is not entitled to habeas corpus relief on his claim that his due process rights and right to cross-examination were not violated when the State failed to test the stains on Clark's shoes.

II. Whether the evidence was insufficient to support Riggs' conviction?

14. Riggs argues his due process rights were violated by a jury conviction based on insufficient evidence to support the verdict. The first step of the §2254(d) analysis looks to the clearly established federal law as determined by the Supreme Court. *Williams*, 2000 WL 385369, at *27. The case on point is *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979). In assessing a sufficiency of the evidence claim, "the relevant question is whether, after

viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 319, 99 S. Ct. at 2793, 61 L. Ed. 2d 560 (1979).

15.  The New Mexico Supreme Court applied the sufficiency of the evidence standard as set out by New Mexico precedent. *See State v. Riggs*, 114 N.M. 358, 362, 838 P.2d 975, 979 (1992). Specifically, the supreme court recognized that "[s]ubstantial evidence is that evidence with is acceptable to a reasonable mind as adequate support for a conclusion." *Riggs*, 114 N.M. at 362, 838 P.2d at 979 (*quoting State v. Isiah*, 109 N.M. at 30, 781 P.2d at 302). The court observed that it viewed all evidence, resolved all conflicts, and indulged all inferences in the light most favorable to the verdict. *See Riggs*, 114 N.M. at 362, 838 P.2d at 979 (*citing State v. Sutphin*, 107 N.M. at 131, 753 P.2d at 1319). The New Mexico Supreme Court appreciated that it was unable to reweigh the evidence or substitute its judgment for that of the jury. *See Riggs*, 114 N.M. at 362, 838 P.2d at 979 (*citing State v. Sutphin*, 107 N.M. at 131, 753 P.2d at 1319).

16.  The legal standard applied by the New Mexico Supreme Court is the essentially the same standard as set out in *Jackson*. Indeed, the supreme court acknowledged that Riggs' argument was raised under *Jackson*. *See Riggs*, 114 N.M. at 362, 838 P.2d at 979. As the New Mexico Supreme Court applied the *Jackson* standard, it did not arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law. Moreover, the facts of Riggs' case were materially different than the facts of *Jackson*. Thus, the New Mexico Supreme Court did not decide his case differently than the United States Supreme Court on a set of materially indistinguishable facts. Riggs is not entitled to relief on this issue under the "contrary to" clause of §2254(d).

17.  The question then becomes whether the New Mexico Supreme Court unreasonably

7

applied the principles announced in *Jackson* to the facts of the Riggs' case. In considering whether substantial evidence supported Riggs' conviction, the New Mexico Supreme Court reviewed the following evidence. At trial Clark testified that, four days prior to the murder, Riggs tried to convince him to help kill the victim, Mary Whiteley. *See Riggs*, 114 N.M. at 362, 838 P.2d at 979. On the night of the murder, Clark attended Whiteley's birthday party and returned home at about 10:00 p.m. *Id.* Subsequently, Riggs came home in Lance Ballard's car and again asked Clark to help him kill Whiteley. *Id.* After Clark again refused, Riggs left and returned with Whiteley. *Id.* Clark heard Whiteley enter, and then emerge from, the bathroom. *Id.* Seconds later, Clark heard two gunshots. *Id.* When Clark walked into the kitchen, he saw Riggs dragging Whitley's body across the floor. *Id.* Clark testified that he helped Riggs load Whiteley's body into Ballard's car, drove with Riggs to an abandoned house, and helped him hide of the body. *Id.* Clark split the cash in Whiteley's with Riggs and helped him dispose of other evidence. *Id.*

18. In its substantial evidence analysis, the New Mexico Supreme Court further observed that Clark's testimony was corroborated. For instance, James Jeffers, Whiteley's roommate, testified that on the night of the murder, Whiteley was carrying between $1,500 and $2,000 in cash, that Riggs and Whitley left the party together and that, several hours later, Riggs returned without her. *Riggs*, 114 N.M. at 362, 838 P.2d at 979. Jeffers identified a ring found at Riggs' house as the ring Whiteley was wearing on the night of the murder. *Id.* Ballard testified that he saw Riggs and Whiteley talking at the party, that he loaned his car to Riggs, that Riggs and Whiteley left the party at about 10:30 p.m. and that Riggs returned at about 11:30 p.m. alone. *Id.* Lieutenant Nymeyer testified that a revolver, with two spent cartridges, was found in the location Clark had indicated he had thrown it. *Id.* After considering the evidence of record, and again reciting that it was unable to reweigh the evidence nor

8

substitute its judgment for that of the jury, the New Mexico Supreme Court concluded that the record contained substantial evidence to support the guilty verdict beyond a reasonable doubt with respect to every element of essential to the conviction. *See Riggs*, 114 N.M. at 363, 838 P.2d at 980.

19. Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *See Williams*, 2000 WL 385369, at *27. A review of the record proper, as well as the supreme court's opinion, confirms that the New Mexico Supreme Court did not unreasonably apply the *Jackson* principles to the facts of the Riggs' case. Thus, Riggs is not entitled to habeas corpus relief on his claim the evidence was insufficient to support his conviction.

III. Whether Riggs received ineffective assistance of counsel at trial?

20. Riggs contends that his trial counsel rendered ineffective assistance. In his Answer Brief, filed February 7, 2000, Respondent argued that Riggs presented a mixed Petition because he alleged instances of ineffective assistance of counsel that had not been presented to the New Mexico Supreme Court. On February 22, 2000, Riggs withdrew his allegations that his attorney was ineffective because he failed to investigate the statements of a confidential informant, failed to question neighbors, failed to question any people who were at the birthday party, and failed to call any character witnesses. Riggs's remaining arguments in support of his assertion of ineffective assistance of counsel are that his attorney, William Cooley, was ineffective because he failed to investigate his claim that he left the victim, Mary Whiteley, at the Kettle Restaurant so she could go with two men in a silver Cadillac, failed to impeach James Jeffers regarding his identification of a ring found at his residence, and failed to call Wanda Krieger as a witness to testify that the ring was hers.

9

21. Riggs raised his ineffective assistance of counsel claim in state court by way of a petition for a writ of habeas corpus. After the trial court considered and summarily dismissed his habeas corpus petition, Riggs filed a petition for a writ of certiorari with the New Mexico Supreme Court. The New Mexico Supreme Court summarily denied the petition for a writ of certiorari.

22. Respondent does not assert in his Answer or briefs that the ineffective assistance of counsel claims are barred by procedural default. *See generally Jackson v. Shanks*, 143 F.3d 1313, 1318 (10th Cir.1998) (observing that, where petitioner has no opportunity to consult with new counsel on appeal or to develop facts relating to counsel's performance, ineffective assistance of counsel claim not procedurally defaulted). Procedural default "is grounded in concerns of comity and federalism; it is not jurisdictional." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). The State may waive the procedural default defense by failing to timely raise the issue. *Duvall v. Reynolds*, 139 F.3d 768, 795 n.11(10th Cir. 1998). Respondent waived the defense of procedural default with respect to Riggs' claims of ineffective assistance of counsel by failing to raise it in his Answer or briefs. Therefore, the doctrine of procedural default does not bar consideration of Riggs' remaining claims of ineffective assistance of counsel.

23. Riggs remaining claims of ineffective assistance of counsel are addressed in an Order to Show Cause to be entered contemporaneously with these Proposed Findings and Recommended Disposition.

**RECOMMENDED DISPOSITION**

I recommend that Riggs' Petition for a Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2254, be denied with respect to the claim that his due process right and right to effective cross-examination were violated when the state failed to analyze suspected blood stains on Clark's sneakers

and with respect to the claim that the evidence was insufficient to support the conviction. The merits of Riggs' remaining claims of ineffective assistance of trial counsel are not addressed at this time but are subject to an Order to Show Cause of even date.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). By July 12, 2000 the parties may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the sixty-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**