## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JIMMY DON RIGGS,

      **Petitioner,**

vs.                                                                             No. CIV 97-1001 BB/LCS

**JOE WILLIAMS, Warden,**

      **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Petitioner (Riggs), currently in state custody, attacks the Judgment, Sentence, and Commitment imposed in the case styled *State of New Mexico v. Jimmy Don Riggs*, and numbered CR-90-50G, Fifth Judicial District Court, County of Lea, State of New Mexico. The United States Magistrate Judge, having considered the arguments of counsel, record proper, relevant law, and being otherwise fully informed, recommends that the Petition for a Writ of Habeas Corpus be **DENIED**.

## PROPOSED FINDINGS

1.       On February 2, 1990, Riggs was charged by criminal information with one count of first degree murder (Count I) and one count of armed robbery (Count II). (Record Proper (RP) at 1.) On June 14, 1990, Riggs was convicted of armed robbery, but the jury deadlocked as to the charge of first degree murder. (RP at 105.) Riggs' second jury trial began on April 10, 1991, (RP at 138), and on April 11, 1991, Riggs was convicted of first degree murder. (RP at 160.) On June 18, 1991, Riggs was sentenced to life imprisonment on Count I, and nine years plus a one year firearm enhancement on Count II, to run consecutively, for a total term of life imprisonment, plus ten

years, followed by two years parole. (RP at 169.)

2. Riggs filed a direct appeal, arguing that his due process rights and his right to effective cross-examination were violated when the state confiscated Jimmy Clark's sneakers due to suspicious stains, but never had the shoes tested at the crime lab, and that his conviction was not supported by substantial evidence. (Answer, Ex. C.) On September 2, 1992, the New Mexico Supreme Court affirmed. (Answer, Ex. F.)

3. On April 21, 1997, Riggs filed a state petition for a writ of habeas corpus, asserting ineffective assistance of trial counsel. (Answer, Ex. G.) The trial court considered and summarily dismissed the petition. (Answer, Ex. I.) Riggs filed a petition for a writ of certiorari with the New Mexico Supreme Court. (Answer, Ex. G.) On July 7, 1997, the New Mexico Supreme Court summarily denied the petition for a writ of certiorari. (Answer, Ex. K.)

4. Riggs filed his federal habeas corpus petition on July 28, 1997, raising the following claims:

    I. Whether Riggs' due process right and right to effective cross-examination were violated when the state failed to analyze suspected blood stains on Clark's sneakers.

    II. Whether the evidence was sufficient to support Riggs' conviction.

    III. Whether Riggs received ineffective assistance of counsel at trial.

5. Respondent conceded exhaustion. On December 16, 1997, the Petition was dismissed on the ground that it was time-barred by the one-year period of limitations established by 28 U.S.C. § 2244(d). Riggs appealed. The Tenth Circuit Court of Appeals remanded the case with instructions to consider additional factors in the timeliness analysis. *Riggs v. Crandell*, No. 98-2041, slip op. at 6 (Apr. 6, 1999). On May 13, 1999, I ordered Respondent to produce any evidence establishing that

the Petition was untimely by June 15, 1999.  Respondent failed to produce any such evidence, and on August 25, 1999, I entered an order that required Respondent to produce the record proper and set a briefing schedule on the merits.  (Doc. 30.)

6. On May 10, 2000, Proposed Findings and Recommended Disposition issued, finding that the Petition was timely, recommending that Claims I and II should be denied and that Claim III should be addressed through an Order to Show Cause.  (Doc. 41.)  Counsel was appointed to represent Petitioner.  (Doc. 43.)  On July 26, 2000, counsel filed timely objections to the Proposed Findings and Recommended Disposition on July 26, 2000, preserving the proposed dismissal of Claims I and II for review by the Honorable Bruce D. Black, United States District Judge.  (Doc. 46.)  Petitioner's July 26, 2000 objections remain pending and will be addressed by Judge Black in conjunction with any objections filed to the instant proposed findings and recommended disposition.

7. On May 10, 2000, an Order to Show Cause issued that required Petitioner to show cause by September 12, 2000 why specific suggested proposed findings denying the ineffective assistance claim should not issue. (Doc. 42.)  On September 11, 2000, Petitioner filed a Motion to Hold this Action in Abeyance, to allow him to investigate possible prosecutorial misconduct and *Brady* violations and to allow him to pursue a state habeas corpus action on these issues.  (R. at 47.)  On September 12, 2002, I granted Petitioner's Motion to Hold the Case in Abeyance and stayed the case.  (R. at 48.)

8. On March 28, 2002, Petitioner's counsel notified me by letter that the state habeas petition had been denied by district court and the New Mexico Supreme Court had denied certiorari and requesting that the record be supplemented.  On April 1, 2002, I entered an Order that directed Respondent to supplement the record and set a briefing schedule on all issues not previously

3

addressed. (Doc. 54.)

      9.     Petitioner presents the following issues:

           I.     Riggs' trial counsel afforded him ineffective assistance by failing to investigate and make use at trial of reports concerning other murder suspects and by failing to competently cross-examine Jimmy Clark, by failing to develop evidence before and during trial concerning possible murder suspects named in the missing person reports, by neglecting to present critical evidence during his cross-examination of Jimmy Clark, and that there is a reasonable probability that competent representation would have altered the outcome of Riggs' second trial.

          II.    Riggs' right to due process was violated by the State's failure to preserve and produce Jimmy Clark's tennis shoes, which contained brown stains that appeared to be blood.

      10.    The due process claim relating to the tennis shoes was already addressed in my Proposed Findings and Recommended Disposition of May 10, 2000. Petitioner's July 26, 2000 Objections to my Proposed Findings and Recommended Disposition preserved this claim, which will be considered by Judge Black *de novo* in accordance with 28 U.S.C. § 636(b)(1).

      11.    Within the ineffective assistance of counsel claim, Petitioner argues matters outside the scope of my Order to Show Cause. The only issue that survived my proposed Findings and Recommended Disposition was the ineffective assistance of counsel claim; specifically whether trial counsel, William Cooley, was ineffective because he failed to investigate Petitioner's claim that he left the victim, Mary Whiteley, at the Kettle Restaurant so she could go with two men in a silver Cadillac, failed to impeach James Jeffers regarding his identification of a ring found at his residence, and failed to call Wanda Krieger as a witness to testify that the ring was hers. (Doc. 42.) In the Order to Show Cause, I specified suggested proposed findings and recommended disposition, and

directed Petitioner to show cause why the suggested proposed findings and recommended disposition should not be issued.

12. Petitioner never responded to my Order to Show Cause and never moved to amend the Petition herein. At a minimum, Petitioner was required to file a motion to amend to add new issues to his habeas petition. *See* 28 U.S.C. § 2242 (amendment of habeas petition governed by rules of civil procedure); FED.R.CIV.P. 15(a) (requiring leave of court to amend after responsive pleading filed in district court). Amendment of a habeas petition may invoke jurisdictional issues. *See United States v. Magallanes*, ___ F.3d ____ 2002 WL 2005928 (10th Cir. Sept. 3, 2002) (holding that ineffective assistance claim not raised in initial motion to vacate and not included in order of remand exceeded scope of remand, and that allowing appeal on new issue would undermine limitation on successive petitions). Petitioner is represented by counsel, who is charged with knowledge of the law. The ineffective assistance of counsel claims raised in Petitioner's briefs were not raised or presented in the petition and will not be considered herein.[1]

13. Petitioner's Brief-in-Chief and Reply do not support the three grounds alleged in the Petition as the basis of the ineffective assistance of counsel claim. My Order to Show Cause directed Petitioner to show cause why specific findings should not issue on the three grounds alleged in the Petition. Petitioner failed to address the three grounds in his briefs. Petitioner has failed to show

---

[1] The requirement of requesting and receiving permission to amend the petition and, if granted, the filing of an amended petition is not merely technical. The filing of an amended petition may not be permitted under current law. *See United States v. Torres*, 282 F. 3d 1241, 1245 (10th Cir. 2002) (second or successive petitions permitted in only limited circumstances and only with leave of the court of appeals). Moreover, having the issues clearly articulated in an amended petition is critical to the review and appeal process. *See Lopez v. Douglas*, 141 F. 3d 974, 975-76 (10th Cir. 1998). In addition, it is unclear whether any amended petition would have been time-barred or would have related back to the date of filing of the original petition. *See United States v. Espinoza-Saenz*, 235 F. 3d 501, 504-05 (10th Cir. 2000).

good cause why my suggested proposed findings should not issue. Accordingly, the following proposed findings and recommended disposition are hereby issued.

14. In his Answer Brief, filed February 7, 2000, Respondent argued that Riggs presented a mixed Petition because he alleged instances of ineffective assistance of counsel that had not been presented to the New Mexico Supreme Court. On February 22, 2000, Riggs withdrew his allegations that his attorney was ineffective because he failed to investigate the statements of a confidential informant, failed to question neighbors, failed to question any people who were at the birthday party, and failed to call any character witnesses. Riggs' remaining arguments in support of his assertion of ineffective assistance of counsel are that Mr. Cooley was ineffective because he failed to investigate Petitioner's assertion that he left the victim at the Kettle Restaurant so she could go with two men in a silver Cadillac, failed to impeach Jeffers regarding the identification of the ring, and failed to call Krieger as a witness to testify that the ring was hers.

15. Riggs raised his ineffective assistance of counsel claim in state court by way of a petition for a writ of habeas corpus. After the trial court considered and summarily dismissed his habeas corpus petition, Riggs filed a petition for a writ of certiorari with the New Mexico Supreme Court, which summarily denied the petition for a writ of certiorari.

16. In order to establish ineffective assistance of counsel, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A habeas corpus petitioner has the burden of establishing both prongs of *Strickland*. *Id.*

17. A fair assessment of attorney performance requires a reviewing court "to eliminate the

distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. "To be ineffective, the representation must have been such as to make the trial a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F. 3d 1531, 1537 (10th Cir.1994); *see also Hoxsie v. Kerby*, 108 F. 3d 1239, 1246 (10th Cir.1997) (holding that to be constitutionally ineffective, counsel's performance must have been completely unreasonable, not merely wrong).

18. Riggs claims that Mr. Cooley was ineffective because he failed to investigate Petitioner's assertions claim that he left Whiteley at the Kettle Restaurant where she met and left with two men in a silver Cadillac. "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In an ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's performance." *See Miles v. Dorsey*, 61 F. 3d 1459, 1475 (10th Cir. 1995) (*citing Strickland*, 466 U.S. at 690). When an ineffective assistance claim centers on a failure to investigate and elicit testimony from witnesses, the petitioner must demonstrate, with some precision, the content of the testimony they would have given at trial. *Lawrence v. Armontrout*, 900 F. 2d 127, 130 (8th Cir. 1990).

19. Petitioner fails to allege what information an investigation into his statement regarding the two men in the silver Cadillac might have revealed. In light of the substantial evidence of Petitioner's guilt, Mr. Cooley's decision not to follow up with the investigation of Petitioner's claim regarding the two men in the silver Cadillac did not fall below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687. When weighed against the substantial evidence against

7

Petitioner, it is clear that follow up investigation on this claim would not have changed the outcome of the trial. Furthermore, Petitioner failed to demonstrate he was prejudiced. Riggs fails to set forth any allegations of what information such an investigation would have revealed, or what basis exist to assume the results of the trial would have been different had such an investigation been done. Thus, Petitioner has failed to demonstrate prejudice. Under the circumstances of this case, Mr. Cooley's decision not to investigate Petitioner's allegations concerning the two men in the silver Cadillac was reasonable.

20. Petitioner argues that Mr. Cooley rendered ineffective assistance of counsel because he failed to impeach Jeffers with evidence of any deals he may have made in return for his testimony and failed to call Krieger to testify that the ring found as his house belonged to Krieger, and that the ring did not belong to Whiteley. Petitioner has failed to allege, let alone establish, that any deal existed between the prosecution and Jeffers and has also failed to allege how Krieger's testimony would have altered the outcome of the trial. Thus, Petitioner has failed to demonstrate ineffective assistance of counsel based on failure to elicit testimony. *See Lawrence*, 900 F. 2d at 130. Moreover, Petitioner has failed to establish how he was prejudiced by these instances in light of the strong evidence against him. Petitioner has failed to establish that Mr. Cooley rendered ineffective assistance of counsel. The Petition should be denied in its entirety.

## RECOMMENDED DISPOSITION

I recommend that Riggs' Petition for a Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2254, be denied.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations

that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**